**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AVA TEVERBAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 9050 |
| ) | |
| FIRST GUARANTY MORTGAGE ) | |
| CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court grants plaintiff's motion to proceed *in forma pauperis*, because she has shown that she is financially unable to pay the filing fee [4]. The Court also grants plaintiff's motion for leave to file a second amended complaint [21]. However, for the reasons stated below, the Court dismisses this action due to plaintiff's failure to state a claim upon which relief may be granted and directs the Clerk to enter judgment in favor of defendants and against plaintiff. The Court terminates as moot defendants' motion to dismiss plaintiff's first amended complaint [17].

## STATEMENT

Ava Teverbaugh filed a *pro se* lawsuit against First Guaranty Mortgage Corp. On January 24, 2018, the Court dismissed her complaint for lack of subject matter jurisdiction and failure to state a claim. The Court's order advised Ms. Teverbaugh that unless she filed, by February 15, 2018, a proposed amended complaint that stated a claim over which the Court has jurisdiction, the Court would enter judgment against her. Ms. Teverbaugh filed a proposed amended complaint on February 15. While the Court was reviewing the proposed amended complaint, Ms. Teverbaugh filed a motion for leave to file a second amended complaint. The Court will therefore review the proposed second amended complaint, the most current version of the lawsuit that Ms. Teverbaugh hopes to pursue in federal court.

In her proposed second amended complaint, Ms. Teverbaugh asserts what purports to be a claim under the federal Fair Debt Collection Practices Act (FDCPA)—although she also mentions the federal Truth in Lending Act (TILA).  The lawsuit concerns a loan secured by a mortgage on residential real estate in South Holland, Illinois.  Here is what Ms. Teverbaugh alleges:

- She entered into a 30-year mortgage loan with First Guaranty Mortgage Corporation in April 2015.  She says that 30-year residential mortgages violate the National Banking Act.
- She says that First Guaranty did not advise her that the promissory note that secured the loan was a negotiable instrument.
- She says that First Guaranty's attempt to foreclose on the mortgage is illegal because the loan has been paid in full.
- She says that First Guaranty actually did not provide her anything of value when it entered into the loan and mortgage.
- She says that under the law, Federal Reserve notes (i.e. currency) cannot be used by consumers as legal tender.
- She says that under federal law, all property is owned by the state, and that First Guaranty failed to disclose this when she signed the note and mortgage.
- She says that First Guaranty's filing of a foreclosure case in state court violated the FDCPA, because the loan had actually been paid in full "by the United States Treasury."
- She says that the mortgage is illegal because under federal law "every contract is declared illegal."
- She says that on May 18, 2017, she demanded rescission of her contract, but First Guaranty refused, saying that the time for rescission had run out, which she alleges is untrue.
- She says that in April 2017, she sent First Guaranty "a promissory note," evidently in payment of her mortgage loan, but First Guaranty wrongly refused to accept it.
- Ms. Teverbaugh also alleges that due to the stress imposed by the foreclosure suit, she experienced a miscarriage on January 10, 2018.

The Court is truly sorry about the adverse consequences that Ms. Teverbaugh has experienced, both the foreclosure case itself and her miscarriage. But the question before the Court is whether she has stated a viable claim that is cognizable in federal court. Unfortunately, she has not. None of her contentions have merit. The Court identifies some of the key with Ms. Teverbaugh's allegations as follows. First of all, she has misread numerous federal statutes in her complaint. There is nothing illegal about banks entering into contracts, including promissory notes and mortgages, even 30-year mortgages. Second, all property is *not* owned by the government in this country, so it is Ms. Teverbaugh's responsibility to pay the promissory note, not the government's—and in any event there is nothing to support her contention that the government repaid her debt. Third, when the bank financed her purchase (or, perhaps, refinancing) of the property, it most certainly *did* provide her with something of value. Fourth, the law *of course* does not prohibit consumers from using Federal Reserve notes (U.S. currency) to pay back debts; that is ridiculous. Fifth, Ms. Teverbaugh's promissory note did not permit her to pay it back by sending the bank another note. And finally, Ms. Teverbaugh's claim for rescission fails, because she has not identified any defects in the transaction that might give her a right to rescind.

      For these reasons, the Court concludes that Ms. Teverbaugh cannot state a viable federal claim. The Court therefore directs the Clerk to enter judgment against her.

Date: March 26, 2018

                                                  MATTHEW F. KENNELLY
                                                  United States District Judge